J-A26002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| W.R.M., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| W.M.N., | |
| APPEAL OF: N. CHRISTOPHER MENGES, ESQUIRE | |
| Appellant | No. 558 MDA 2014 |

Appeal from the Order Entered March 5, 2014
In the Court of Common Pleas of York County
Civil Division at No(s): 2013-FC-002222-03

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

CONCURRING MEMORANDUM BY JENKINS, J.: **FILED NOVEMBER 19, 2014**

I respectfully concur in the result.

Although I agree with the decision to vacate the order finding Appellant in contempt, I can understand the trial court's frustration with Appellant's disregard for the court's scheduling order.  The court reserved time out of its busy schedule to meet with the parties and their counsel (including Appellant) at a pretrial conference at 9:30 a.m. on March 4, 2014. Prior to the conference, Appellant believed that the parties had reached an agreement and was waiting to receive a signed agreement from his client. To show proper respect for the court, Appellant merely needed to contact the court and opposing counsel in advance of the conference, advise that he believed the matter was settled, and request a brief continuance in order to

obtain the signed agreement from his client. These simple steps would have saved the court time by allowing it to address other matters in the allotted time slot. An even better solution would have been for Appellant to make sure that his client delivered the signed agreement to him in advance of the conference so that he could have turned it over to the court before March 4th and eliminated the need for a conference altogether.

By neglecting to take any of these steps, Appellant wasted the court's time, opposing counsel's time, and the opposing party's time – indeed, the record indicates that it cost the opposing party a full day of work. To make matters worse, while everyone else wasted their time by coming to court, Appellant did not bother to show up himself; he sent an associate in his place (who of course did not possess the signed agreement). Appellant apparently regarded his own time as more important than anyone else's. Without a signed agreement, it was useless to hold a conference, because it was still possible for Appellant's client to back out of the agreement. Small wonder the court found Appellant's conduct cavalier enough to hold Appellant in contempt.

I find Appellant's conduct cavalier, but I do not find it amounts to willful misconduct. I recognize that Appellant believed the matter was settled and believed that he would soon receive a signed agreement from his client. Based on this belief, Appellant behaved irresponsibly, but not contemptuously. I think that a strong verbal admonishment from the bench was the appropriate remedy under the circumstances; the sanction of

contempt and the adverse effects of this sanction are too severe. I recommend, however, that Appellant reflect upon this episode and refrain from similar conduct in the future.

For these reasons, I concur in the result.

Judge Mundy joins this Concurring Memorandum.